NOT DESIGNATED FOR PUBLICATION

No. 118,119

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT J. DAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed October 19, 2018. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and BURGESS, S.J.

PER CURIAM: Following a fourth probation violation, the district court revoked Robert J. Davis' probation. Davis appeals from that decision. Finding no error, we affirm.

FACTUAL PROCEDURAL BACKGROUND

Davis was charged on January 22, 2014, with cultivation of a controlled substance and possession of drug paraphernalia to distribute or manufacture. Allegedly, Davis was growing marijuana for personal use. On August 7, 2014, Davis pled guilty to both counts

1

in exchange for the State joining in Davis' "motion for a departure to field services." On December 18, 2014, Davis was sentenced to 36 months' probation, a downward dispositional departure from his underlying presumptive prison sentence of 51 months for cultivation. Davis' concurrent underlying sentence for possession of drug paraphernalia was 11 months.

On April 4, 2016, Davis violated his probation by testing positive for opiates. Davis waived his rights to counsel and a hearing on the probation violation and served two days in jail as a sanction. Davis once again tested positive for opiates on April 29, 2016. The district court held a probation revocation hearing on May 18, 2016, and ordered a 180-day prison sanction.

Davis' third probation violation occurred on March 14, 2017, when he moved "out of the Oxford House without permission prior to living there for one year." On April 5, 2017, the district court held a probation revocation hearing at which Davis was ordered to "attend 12-step meeting twice per week" and "report to residential once per week for six months."

Davis' final probation violation occurred on May 20, 2017, when he once again tested positive for opiates. A probation revocation hearing was held on June 22, 2017, at which the district court revoked Davis' probation and ordered him to serve the underlying sentence. At the probation revocation hearing Davis requested a durational departure on the underlying sentence from 51 months to 12 months that the district court denied. On July 6, 2017, Davis timely filed this appeal.

### DID THE DISTRICT COURT ABUSE ITS DISCRETION IN REVOKING DAVIS' PROBATION?

Davis contends the district court abused its discretion in revoking his probation. Davis maintains "no reasonable person would have taken the view adopted by the district court." The State argues Davis had multiple second chances for probation and the district court did not abuse its discretion in revoking his probation.

> "To sustain an order revoking probation on the ground that a probationer has committed a violation of the conditions of probation, commission of the violation must be established by a preponderance of the evidence. *State v. Lumley*, 267 Kan. 4, 8, 977 P.2d 914 (1999). Once there has been evidence of a violation of the conditions on which probation was granted, the decision to revoke probation rests in the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001)." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

As such, probation revocation is reviewed for abuse of discretion. 281 Kan. at 1170. A judicial action constitutes an abuse of discretion if "'(1) no reasonable person would have taken the view adopted by the trial court; (2) if the judicial action is based on an error of law; or (3) if the judicial action is based on an error of fact.' [Citation omitted.]" *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

There is no abuse of discretion in this case. Davis limits his abuse of discretion argument to the district court taking a view "'no reasonable person would have taken.'" 303 Kan. at 445. This is simply not the case. Davis had four separate probation violations during his over two years on probation. Davis had served a 2-day jail sanction and a 180-day prison sanction for probation violations. The district court was following the guidance of K.S.A. 2016 Supp. 22-3716(c)(1).

3

The statute provides that violation of probation, if the original offense was a felony, is subject to sanctions from the district court as set out in the statute. K.S.A. 2016 Supp. 22-3716(c)(1). The statute provides for a "confinement in a county jail" in "a two-day or three-day consecutive period" that can be imposed by "the defendant's supervising court services officer" after a probation violation if a defendant's right to a hearing is waived. K.S.A. 2016 Supp. 22-3716(b)(4)(A). Davis waived his right to a hearing and consented to a two-day sanction for his first violation given to him by his supervising officer. If another violation occurs following the jail sanction, the statute provides for a 180-day prison sanction. K.S.A. 2016 Supp. 22-3716(c)(1)(D). This is what the district court ordered for the second probation violation. If any violation occurs after a prison sanction, the statute allows for "revocation of the probation." K.S.A. 2016 Supp. 22-3716(c)(1)(E). This is what the district court did on Davis' fourth probation violation. The district court statutorily had the authority to revoke probation following Davis' third violation, but refused to do so. The district court's decision is supported by the statutory framework for probation violations. K.S.A. 2016 Supp. 22-3716(c)(1).

With the district court following the statutory guidelines for intermediate probation sanctions and Davis committing four probation violations, it cannot be said "'no reasonable person would have taken the view adopted by the trial court.'" See 303 Kan. at 445. Davis was given multiple chances to correct his behavior, but refused. The district court did not abuse its discretion in revoking Davis' probation.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION WHEN IT REFUSED TO LESSEN DAVIS' UNDERLYING SENTENCE?

Davis contends the district court abused its discretion in refusing to lessen his underlying prison sentence as "no reasonable person would take the view of the district court." Davis argues a lesser sentence would have benefited the community and himself, especially considering his probation violations revolved around drug relapses. The State

4

maintains the district court properly used its discretion in denying Davis' request for a lesser sentence citing his multiple probation violations.

"An appellate court reviews the district court's decision to deny a defendant's request for a lesser sentence upon the revocation of probation for an abuse of discretion." *State v. Reeves*, 54 Kan. App. 2d 644, Syl. ¶ 3, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). A judicial action constitutes an abuse of discretion if "'(1) no reasonable person would have taken the view adopted by the trial court; (2) if the judicial action is based on an error of law; or (3) if the judicial action is based on an error of fact.' [Citation omitted.]" *Marshall*, 303 Kan. at 445. The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014).

Davis' requested his underlying sentence be reduced to 12 months so he could "maintain contact with his family," more easily integrate himself, and commit to a 12-step program. In denying Davis' request for a lesser sentence upon the revocation of his probation, the district judge stated the following:

> "Mr. Davis, I don't really make m[any] decisions here, the individual makes the decision, not me. You have known this was presumptive prison. You know what the probation conditions are. You know very well after all of these years, despite court interventions, what you need to do to stay sober. It's just not a willingness to make the main thing, the main thing, so I will deny any modification."

As noted above, Davis does not allege an error of law or fact and limits his argument to "no reasonable person would take the view of the district court." Davis' argument on appeal revolves around him having better access to treatment for his opiate addiction with a shorter prison sentence. This argument does not lead to an abuse of the district court's discretion, especially considering Davis' underlying offense. Davis' underlying offense resulted from his involvement with marijuana, not opiates. While

5

Davis' alleged opiate addiction prevented him from participating in probation, it does nothing to mitigate his unrelated underlying marijuana offenses. It cannot be said "'no reasonable person would have taken the view adopted by the trial court'" in ordering Davis to serve his full underlying sentence. See *Marshall*, 303 Kan. at 445. The district court did not abuse its discretion.

Affirmed.